IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERCIA, | |
| Plaintiff, | |
| v. | Case No. 20-CR-30162-SPM-1 |
| FERNANDEZ WHITE, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on Defendant Fernandez White's *Pro Se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 69) and the United States Sentencing Guidelines Manual § 1B1.10 [hereinafter Guidelines], making Amendment 821 retroactive. He also filed a supplement arguing for compassionate release under 18 U.S.C. § 3582, which is irrelevant to the Amendment 821 analysis. (Doc. 70). CJA Counsel Teneil L. Kellerman filed an entry, but then also filed a motion to withdraw advising that White was not eligible for a sentence reduction. (Docs. 75, 76). White then responded. (Doc. 77).

Amendment 821 to the Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. This part of the amendment applies to White.

Page 1 of 2

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what, if any, amended Guidelines range would have been applicable to the defendant.

At the time of sentencing, White's total offense level was 21 and his criminal history category was VI (15 points), which provided for a sentencing range of between 77 and 96 months. (Doc. 42). After consulting with United States Probation, the Court concurs that White qualifies under Amendment 821 Part A. But even with the one-point reduction he would receive in criminal history points down to 14 points, his criminal history category would remain a category VI (a category VI offender is 13 or more criminal history points) and his Guidelines calculation would not change. As a result, White is ineligible for any reduction in sentence pursuant to Amendment 821. Counsel Teneil Kellerman's Motion to Withdraw as Attorney (Doc. 76) is **GRANTED** and Defendant Fernandez White's *Pro Se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 69) is **DENIED**. A motion under § 3582(c)(1)(A) may be filed separately.

**IT IS SO ORDERED.**

**DATED:  April 24, 2024**

> *s/ Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**